UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MODERN INDUSTRIAL FIREBRICK CORP.,

                         Plaintiff,

        v.                                                    **DECISION AND ORDER**
                                                              11-CV-959

SHENANGO INCORPORATED, DTE COKE
HOLDINGS, LLC, and DTE ENERGY
SERVICES, INC.,

                         Defendants.

## I.  INTRODUCTION

Plaintiff commenced this action for breach of contract and misrepresentation on September 28, 2011 by filing a Summons and Complaint in the Supreme Court for the State of New York, Niagara County.  Defendants removed the action to this Court, alleging that federal subject matter jurisdiction existed based upon diversity of citizenship.  Pending before this Court are Plaintiff's Motion to Remand and Defendants' Cross-Motion to Dismiss the Complaint or Transfer Venue.  These motions are fully briefed and the Court finds that oral argument is not necessary. For the reasons stated below, Plaintiffs' Motion to Remand is denied, and Defendants' Motion to Dismiss is granted.

## II.  BACKGROUND

As alleged in the Complaint, Plaintiff and Defendant Shenango Incorporated ("Shenango") "entered into a contract whereby [Plaintiff] would provide certain services for Shenango through 2008 (the 'Agreement')." Complaint, Docket No. 1-1, ¶ 23.  Plaintiff supplied Shenango with coke oven repair products and services for Shenango's

Pennsylvania coke battery from May 1, 2005 until January 31, 2008.  Compl. ¶ 22.  As a result of the Agreement, Plaintiff "mobilized employees and purchased and maintained labor and materials necessary to complete the [p]roject," including the purchase of special materials and manufacture of products for Shenango.  Compl. ¶ 25.  Shenango informed Plaintiff in January 2008 that the project was delayed.  Compl. ¶ 26.  Plaintiff was subsequently informed in an April 2008 letter from Shenango that as of that month, Defendant DTE Coke Holdings ("DTE Coke"), a wholly owned subsidiary of Defendant DTE Energy Services, Inc. ("DTE Energy"), had acquired all of Shenango's stock.  Compl. ¶ 27, Ex. A.  The letter assured Plaintiff that "[t]he acquisition of Shenango by DTE Coke . . .will have no impact o[n] your existing contract with Shenango.  Shenango will remain as the counterparty to your contract."  Compl. Ex. A.

Plaintiff further alleges that "[i]n reliance on Shenango's reaffirmation of the Agreement in the Letter, [Plaintiff] continued to maintain the labor and materials necessary to complete the [p]roject."  Compl. ¶ 30.  Shenango again told Plaintiff that the project would be delayed.  Compl. ¶ 31.  In June 2008, Plaintiff was informed by "DTE Coke . . . that its products and services under the Agreement were not required."  Compl. ¶ 32.  Plaintiff commenced the present action in September 2011, asserting causes of action for (1) breach of contract, (2) intentional misrepresentation, and (3) negligent misrepresentation.

## III.  DISCUSSION

**A.     Plaintiff's Motion to Remand**

Considering first Plaintiff's Motion to Remand,[1] inasmuch as this motion raises the issue of subject matter jurisdiction. see Rhulen Agency, Inc. v Alabama Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir 1990),  a defendant may remove an action commenced in state court to a federal district court pursuant to 28 USC § 1441 (a) where the district court has original jurisdiction over the matter.   Federal jurisdiction predicated on diversity of citizenship requires that all adverse parties be citizens of different states, and that no properly joined defendant be a citizen of the forum state. 28 U.S.C. §§ 1332 (a)(1); 1441 (b); Herrick Co., Inc. v SCS Commc'ns, Inc., 251 F.3d 315, 322 (2d Cir 2001).

Plaintiff argues that remand is warranted here because Defendants' Notice of Removal fails to adequately allege the identity and citizenship of the members of DTE Coke, a limited liability company.  Pl's Mem of Law, Docket No. 10, at 4-5.  "For diversity purposes, the citizenship of a limited liability company ('LLC') depends upon the citizenship of its members." Mackason v. Diamond Fin. LLC, 347 F.Supp.2d 53, 55 (S.D.N.Y. 2004), citing Handelsman v. Bedford Vill. Assoc. Ltd. P'ship, 213 F.3d 48, 51 (2d Cir.2000). Contrary to Plaintiff's contentions, the citizenship of DTE Coke's sole member can be

---

[1]In support of its Motion to Remand (Docket No. 9), Plaintiff submitted the Affidavit of David H. Elibol, Esq., with Exs. A-B, and a supporting Memorandum of Law (Docket No. 10).  Defendants responded with a Cross-Motion to Dismiss or Transfer (Docket No. 14), supported by a Memorandum of Law, Affidavit of John G. Schmidt, Jr., Esq., with Ex. A-E, the Affidavit of Gerald S. Endler, and the Affidavit of Gary Gross.  Plaintiff filed a reply Memorandum of Law in support of its Motion to Remand (Docket No. 16).  In response to Defendants' Cross-Motion, Plaintiff filed an opposing Memorandum of Law, the affidavit of David H. Elibol, Esq., with Ex. A-B, and the Affidavit of Kenneth George (Docket No. 17).  Defendants filed a reply Memorandum of Law in further support of their cross-motion. (Docket No. 19).

discerned from the allegations in the Notice of Removal and attached Complaint. See Docket No. 1. Plaintiff itself alleged in the Complaint that "DTE Energy Services is the owner of DTE Coke Holdings," and the attached exhibit to that document similarly reflects that DTE Coke is "a wholly owned subsidiary of DTE Energy Services." Compl. ¶ 9, Ex A. Thus, the Complaint alleges that DTE Energy is the only owner of DTE Coke, and therefore the only member, and as the Notice of Removal states that DTE Energy is a corporate citizen of Michigan, the facts necessary to discern complete diversity are alleged.

Further, when the factual assertions contained in a defendant's required short and plain statement of the grounds for removal are challenged,  the removing defendant must support those allegations by competent proof. 28 U.S.C. § 1446 (a); United Food & Commercial Workers Union, Local 919, AFL-CIO v CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir 1994).  Here, Defendants responded to Plaintiff's Motion to Remand with, inter alia, the corporate disclosure required pursuant to Fed. R. Civ. P. 7.1 (a) and the affidavit of DTE Energy's Senior Vice President and General Counsel.  These documents also indicate that DTE Coke is a wholly owned subsidiary of DTE Energy and both entities are corporate citizens of Michigan.  Schmidt Aff. Ex. D; Endler Aff. ¶¶ 7-10. Plaintiff does not dispute these averments that no other members exist whose citizenship needs to be alleged, therefore these assertions may be considered as true for purposes of this motion.  Trumps v Harley of New York Associates, 94-CV-7080, 1995 WL 656983, *3 (S.D.N.Y. Nov. 8, 1995)(unchallenged assertions in removal petition and affidavits presumed true), citing Wilson v Republic Iron & Steel Co., 257 U.S. 92, 97-98, 42 S.Ct. 35, 66 L.Ed. 144 (1921).  Plaintiff's motion to remand to state court is denied.

**B.     Motion to Dismiss**

Defendants move to dismiss the Complaint pursuant to Rule 12(b)(2) against Defendants DTE Coke and Shenango for lack of personal jurisdiction, and to dismiss the Complaint as against Defendant DTE Energy pursuant to Rule 12 (b)(6) for failure to state a claim.   In the event this Court denies the motion to dismiss, Defendants alternatively request that the matter be transferred to the Western District of Pennsylvania.

      1.     Personal Jurisdiction

This Court will first address the issue of personal jurisdiction. See generally Rationis Enters., Inc. of Panama v. AEP/Borden Indus., 261 F.3d 264, 267 (2d Cir. 2001).  Subject to certain constitutional limitations of due process, the breadth of a federal court's personal jurisdiction is determined by the law of the state in which the district court is located. Thomas v. Ashcroft, 470 F.3d 491, 495 (2d Cir. 2006);  Henderson v. INS, 157 F.3d 106, 123 (2d Cir. 1998).   Where the district court relies solely on the pleadings and supporting affidavits, as is the case here,  the burden on a plaintiff facing a motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(2) is to establish only a prima facie showing of personal jurisdiction.  Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994); see Mattel, Inc. v. Barbie-Club.com, 310 F.3d 293, 298 (2d Cir. 2002)(prior to discovery, a plaintiff's burden is a lenient one requiring only legally sufficient allegations of jurisdiction). Although the court need not draw argumentative inferences in the plaintiff's favor, the pleadings and affidavits are considered in a light most favorable to the plaintiff. Robinson, 21 F.3d at 507; CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986).

Notably, Defendants argue that personal jurisdiction is lacking over only Defendants DTE Coke and Shenango, relying on their argument that DTE Energy is not a proper party to the action for dismissal of the Complaint against that entity. Defs. Mem. of Law, Docket No. 14-1, at 14-15. With respect to Shenango and DTE Coke, Plaintiff argues in opposition that personal jurisdiction over these entities is proper under New York's long-arm statute, N.Y. CPLR 302 (a), because these Defendants transacted business within New York state, committed a tort within the state, and/or committed a tort outside the state that caused injury within New York. Pl's Mem. of Law in Opp'n, Docket No. 17, at 7-15. Because the reach of New York's long-arm statute is not as extensive as the scope permissible pursuant to federal constitutional authority, the statutory inquiry will be conducted first. Best Van Lines, Inc. v. Walker, 490 F.3d 239, 244 (2d Cir. 2007)(only where jurisdiction is statutorily permissible is the issue of constitutionality addressed).

*a. Transacts Business*

CPLR 302 (a)(1) states that a court may exercise personal jurisdiction over a non-domiciliary who in person or through an agent "[t]ransacts any business within the state or contracts anywhere to supply goods or services in the state." Personal jurisdiction pursuant to this provision also requires that there be an articulable nexus or substantial relationship between the transaction of business and the cause of action being sued upon. Sunward Electr, Inc. v. McDonald, 362 F.3d 17, 23 (2d Cir. 2004). A single purposeful act in New York may be sufficient to meet the 'transacting business' element if it is established that the defendant purposefully availed him- or herself of the privilege of conducting business in New York, thereby invoking the benefits and protections of this state's laws.

6

Kahn Lucas Lancaster, Inc. v. Lark Int'l. Ltd., 956 F.Supp. 1131, 1135 (S.D.N.Y. 1997); see

CutCo Indus., Inc., 806 F.2d at 365, citing McKee Electric Co. v. Rauland-Borg Corp., 20

N.Y.2d 377, 382 (N.Y. 1967).

Defendants cannot be said to have contracted to supply goods and services within

New York state, as the Agreement at issue was for Plaintiff to supply products and repair

services for Shenango's coke battery in Pennsylvania.  Complaint ¶¶ 22-25; see Maranga

v. Vira, 386 F.Supp.2d 299, 305 (S.D.N.Y. 2005).  Further, the mere fact that Shenango

negotiated an agreement to pay a New York corporation, Plaintiff, for services provided in

Pennsylvania is alone insufficient to establish that this Defendant transacted business

within New York.  Spanierman Gallery, PSP v. Love, 320 F.Supp.2d 108, 111 (S.D.N.Y.

2004); see generally Concrete Pipe & Prods. Corp. v. Modern Bldg. Materials, Inc., 213

A.D.2d 1023 (N.Y. App Div 4th Dept 1995)("It is well established that a foreign defendant

whose only contact with New York is the purchase of goods by telephone or mail from a

New York plaintiff is not subject to long-arm jurisdiction.").  Instead, a determination of

whether Defendants availed themselves of the privilege of doing business in New York is

based upon the totality of the circumstances, including:

> (i) whether the defendant has an on-going contractual relationship with a New York corporation; (ii) whether the contract was negotiated or executed in New York and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship; (iii) what the choice-of-law clause is in any such contract; and (iv) whether the contract requires franchisees to send notices and payments into the forum state or subjects them to supervision by the corporation in the forum state.

Sunward Electr., Inc., 362 F.3d at 22-23, quoting Agency Rent A Car Sys., Inc. v. Grand

Rent A Car Corp., 98 F.3d 25, 29 (2d Cir. 1996).

Here, the assertion that the Agreement was negotiated by "telephone and/or purchase orders" is of no moment where the in person meetings between representatives of Shenango and Plaintiff occurred in Pennsylvania, not New York.  George Aff. ¶ 6; see Int'l Customs Assocs. v. Ford Motor Co., 893 F.Supp. 1251, 1261 (S.D.N.Y.1995), affd, 201 F.3d 431 (2d Cir.1999), cert. denied 530 U.S. 1264 (2000).  Shenango's submission of payments to Plaintiff in New York also does not alone support personal jurisdiction. Sandoval v. Abaco Club on Winding Bay, 507 F.Supp.2d 312, 317 (S.D.N.Y. 2007). Further, there is no allegation that the Agreement includes any choice of forum or choice of law provision favorable to Plaintiff on this issue and, notably, a copy of the actual Agreement has not been submitted by either party.

The factor most favorable to determining the existence of personal jurisdiction here, and indeed the one on which Plaintiff relies, is the alleged existence of an ongoing contractual relationship between Shenango and Plaintiff.  Supporting an argument that the Agreement at issue here "contemplated and resulted in a continuing relationship between the parties" is the allegation that Plaintiff supplied Shenango with products and repair services for approximately two and a half years.  Creative Socio-Medics, Corp. v. City of Richmond, 219 F.Supp.2d 300, 306 (E.D.N.Y. 2002);see Complaint ¶ 22; George Reiner & Co., Inc. v. Schwartz, 41 N.Y.2d 648, 649, 653 (N.Y. 1977)(employment agreement personally negotiated in New York contemplated and established continuing relationship that lasted for approximately four years). It is not the length of time, but "the nature and quality of the contacts and the relationship established as a result" that determines whether personal jurisdiction is properly asserted. Grimaldi v. Guinn, 72 A.D.3d 37, 51 (2d Dept.

2010); compare Fischbarg v. Doucet, 9 N.Y.3d 375, 382–383 (N.Y. 2007)(personal jurisdiction found based upon defendants' purposeful attempt to establish an attorney-client relationship in New York and their direct participation in that relationship via calls, faxes and e-mails that they projected into this state over nine months) with Kimco Exchange Place Corp. v. Thomas Benz, Inc., 34 A.D.3d 433, 434 (2d Dept 2006), lv denied 9 N.Y.3d 803 (N.Y. 2007)("defendants' acts of faxing the executed contracts to New York and of making a few telephone calls do not qualify as purposeful acts constituting the transacting of business").

Thus, the mere existence of an ongoing relationship is in itself insufficient to confer personal jurisdiction under CPLR 302 (a)(1). Roper Starch Worldwide, Inc. v. Reymer & Assocs., Inc., 2 F.Supp.2d 470, 474 (S.D.N.Y. 1998); Nat'l Tel. Directory Consultants, Inc. v. Bellsouth Adver. & Pub. Corp., 25 F.Supp.2d 192, 196 (S.D.N.Y. 1998); see Int'l Alliance of First Night Celebrations, Inc. v. First Night, Inc., No. 08 CV 1359, 2009 WL 1457695, *4 (N.D.N.Y. May 22, 2009). Here, there are no additional factors supporting the conclusion that either Shenango or DTE Coke availed itself of the protection of New York law. Compare with Schomann Intern. Corp. v. Northern Wireless, Ltd., 35 F.Supp.2d 205, 209-211 (N.D.N.Y. 1999)(contract contemplated ongoing relationship, choice of law provision stated that New York law governed, and out of state defendant was subject to "considerable supervision" by plaintiff's New York office); Fischbarg, 9 N.Y.3d at 382–383 (defendants projected themselves in New York's legal services market and invoked the benefits and protections of New York laws applicable to attorney-client relationships); George Reiner & Co., Inc., 41 N.Y.2d at 649, 653 (defendant sought employment and

9

contracted with a New York employer). Indeed, the factual allegations regarding the nature and quality of the contacts between Shenango and Plaintiff are sparse, but what facts have been asserted establish that when product or repair work was requested, Plaintiff's employees came to Shenango in Pennsylvania.  George Aff. ¶¶ 5, 9; Complaint ¶¶ 24-25. Compare with Creative Socio-Medics, Corp., 219 F.Supp.2d at 304 (plaintiff spent approximately 3,000 hours customizing software in New York at defendant's request). Plaintiff managed its employees in Pennsylvania, and there is no allegation that Plaintiff had any control over Shenango employees, even during repair work.  Compare with Schomann Intern. Corp., 35 F.Supp.2d at 209-210 (defendant was subject to "considerable supervision" by plaintiff's New York office).  Shenango's contact with Plaintiff in New York was limited to "telephone and/or purchase orders," George Aff. ¶¶ 5, 11, which purposefully directed activity toward Pennsylvania, not New York.  See Semi Conductor Materials, Inc. v. Citibank Int'l PLC, 969 F.Supp. 243, 246 (S.D.N.Y. 1997)(no basis for jurisdiction unless communications projected defendant into New York).  Accordingly, even considering the pleadings and affidavits in a light most favorable to Plaintiff, there is insufficient evidence that Shenango availed itself of the protection of New York law such that personal jurisdiction could properly be asserted under CPLR 302 (a)(1).  Similarly, it cannot be concluded from these allegations that Shenango "engaged in purposeful activities in [New York] State in relation to [the Agreement] for the benefit of and with the knowledge and consent of [DTE Coke] and that [DTE Coke] exercised some control over [Shenango] in the matter."  Kreutter v. McFadden Oil. Corp., 71 N.Y.2d 460, 467 (N.Y. 1988).  Thus, personal jurisdiction cannot be asserted over DTE Coke on the ground that its subsidiary

Shenango was acting as either its agent or alter ego.  <u>See</u> Pl's Mem of Law in Opp'n at 12-13.

<i>b. Tortious Act.</i>

Pursuant to CPLR 302 (a)(2) and (3), personal jurisdiction may be obtained over a defendant who commits a tortious act within New York, or, under certain conditions, commits a tortious act elsewhere that causes damage within this state. Jurisdiction pursuant to these sections requires the assertion of a colorable cause of action for a tortious act.  <u>Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC</u>, 450 F.3d 100, 106 (2d Cir. 2006); <u>Skrodzki v. Marcello</u>, 810 F.Supp.2d 501, 519 (E.D.N.Y. 2011). In the Complaint, Plaintiff alleges in addition to its breach of contract action that Defendants intentionally or negligently "misrepresented that the Agreement would be performed through 2008." Compl. ¶¶ 38, 45.  Under either New York or Pennsylvania law,[2] "a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated." <u>Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.</u>, 70 N.Y.2d 382, 389 (N.Y. 1987); <u>see Pramer S.C.A. v. Abaplus Int'l. Corp.</u>, 76 A.D.3d 89, 97 (N.Y. App Div 1st Dept 2010)(contract claims are not torts for CPLR 302 purposes); <u>see also Sunquest Info. Sys., Inc. v. Dean Witter Reynolds, Inc.</u>, 40 F.Supp.2d 644, 651 (W.D.Pa. 1999)(Pennsylvania has a similar bar against tort claims which are merely duplicative of breach of contract claims).  A separate claim is permissible where the alleged fraudulent misrepresentation "is collateral or extraneous to the contract." <u>Skrodzi</u>, 810 F.Supp.2d at

---

[2]No party has expressly addressed choice of law with respect to the merits of Plaintiff's claims, but both Plaintiff and Defendants rely primarily on New York law.  <u>See</u> Def's Mem of Law, Docket No. 14-1, at 11-13; Pl's Mem of Law in Opp'n, Docket No. 17, at 21 n 3.

520; Sunquest Info. Sys., Inc., 40 F.Supp.2d at 651.  Inasmuch as Plaintiff alleges that "Shenango and [Plaintiff] entered into a contract whereby [Plaintiff] would provide certain services for Shenango through 2008 (the 'Agreement')," representations that "the Agreement would be performed through 2008" or "[t]he acquisition of Shenango by DTE Coke Holdings will have no impact o[n] your existing contract" cannot be considered collateral to, or even distinguished from, the contract at issue.  Compl. ¶¶ 23, 38, 45, Ex. A: see Pl's Mem of Law in Opp'n at 14 ("[Plaintiff] has alleged intentional and negligent misrepresentation *based on the Agreement that [Plaintiff] was to perform services and provide products through 2008*." (emphasis added)).  A plaintiff may not convert a simple breach of contract case into a tort for jurisdictional purposes by merely alleging a tortious act. Skrodzki, 810 F.Supp.2d at 520.[3]  Plaintiff has failed to assert a colorable tort claim, therefore Defendants are also not subject to personal jurisdiction pursuant to CPLR 302 (a)(2) or (3).

      2.    Failure to State a Claim

As noted, Defendants do not argue that DTE Energy is not subject to personal jurisdiction in New York.   Defendants argue instead that the Complaint fails to state a claim against DTE Energy, and therfore should be dismissed pursuant to Fed R Civ P 12

---

[3]Plaintiff's reliance on fraudulent or negligent inducement cases is misplaced here.  See DNJ Logistic Group, Inc. v. DHL Exp. (USA), Inc., 727 F.Supp.2d 160, 168 (E.D.N.Y. 2010); Crabtree v. Tristar Automotive Group, Inc., 776, F.Supp. 155, 162-164 (S.D.N.Y. 1991); see Pl's Mem of Law in Opp'n at 22-24.  As alleged in the Complaint, the misrepresentation was contained in either the Agreement itself or in the April 2008 letter, there is no allegation that any Defendant made a representation on which Plaintiff relied *prior* to entering into the Agreement in 2005.

(b)(6).[4]   In order to survive such a motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). The assumption of truth applies only to factual allegations and is inapplicable to legal conclusions.  Ashcroft, 556 S.Ct. at 1949.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft, 556 U.S. at 678.

Initially, the second and third causes of action for intentional and negligent misrepresentation must be dismissed as duplicative of the breach of contract claim for the reasons stated above.   With respect to the breach of contract claim, Defendants argue that such a claim is not viable against DTE Energy because this Defendant was not a signatory to the Agreement which is alleged to have existed between Plaintiff and Shenango.  Def's Mem of Law, Docket No. 14-1, at 9-10.  Further, although DTE Energy is the owner of DTE Coke, a limited liability company which in turn acquired Shenango just

---

[4]Plaintiff presents a nonsensical argument that dismissal pursuant to Rule 12 (b)(6) is premature because "Defendants have neither denied nor admitted the existence of a contract and [Plaintiff] is entitled to ple[a]d in the alternative." Pl's Opp'n Mem of Law at 21.  As noted, a motion to dismiss for failure to state a claim considers only a plaintiff's assertions, therefore it matters not whether Defendants refute the existence of a contract, only that Plaintiff has alleged the existence of same in connection with both its breach of contract and misrepresentation claims.  The Court further notes that Plaintiff's arguments seem to imply, but do not state, that the Agreement between Shenango and Plaintiff may have been an oral one.  See Pl's Opp'n Mem of Law at 21 (asserting that the cases on which Defendants rely are distinguishable because they involve "express written contracts.").  Under New York law, on which Plaintiff relies in defending against this motion, Id. at n 3, an oral agreement made in 2005 to "provide certain services for [another] through 2008" would be in violation of the New York Statute of Frauds prohibition against oral agreements which by their terms cannot be completed within one year of the making thereof.  N.Y. General Obligations Law § 5-701 (a)(1); Gizara v. New York Times Co., 80 A.D.3d 1026, 1028 (N.Y. App Div 3d Dept. 2011).

prior to the alleged breach, Compl. ¶¶ 4, 8-10, 27, Ex. A., Defendants assert that there is no basis alleged for piercing the corporate veil.  Defendants' arguments have merit.  There is no allegation in the Complaint that DTE Energy is a signatory to the contract, or that it was assigned the contract.  See Crabtree v. Tristar Automotive Group, Inc., 776 F.Supp. 155, 166 (S.D.N.Y. 1991)("a non-signatory to a contract cannot be named as a defendant in a breach of contract action unless it has thereafter assumed or been assigned the contract").      Further, a plaintiff seeking to pierce the corporate veil under either New York or Pennsylvania law "must allege facts that, if proved, indicate that the shareholder exercised complete domination and control over the corporation and abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice" East Hampton Union Free School Dist. v. Sandpebble Bldrs., Inc., 16 N.Y.3d 775, 776 (N.Y. 2011)(internal quotation marks removed); see Newcrete Prods v. City of Wilkes-Barre, 37 A.3d 7, 12 -13 (Pa. Cmwlth. Ct. 2012).  "Factors to be considered by a court in determining whether to pierce the corporate veil include failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and use of corporate funds for personal use." Millennium Constr., LLC v. Loupolover, 44 A.D.3d 1016, 1016-1017 (N.Y. App Div 2 Dept. 2007); Newcrete Prods, 37 A.3d at 12-13.  Here, the only factual allegation in the Complaint[5] regarding DTE Energy is that it is the sole owner of DTE Coke.  Compl. ¶¶ 9, 27, Ex. A. Plaintiff has therefore failed to allege any facts that would support a conclusion

---

[5]Although there is a single allegation in the affidavit of Plaintiff's president Kenneth George that a DTE Energy employee instructed Plaintiff's employees to leave the Pennsylvania site after DTE Coke had informed Plaintiff that no further services were required, George Aff. ¶¶ 4, 16-17, this affidavit is neither attached to the Complaint nor integral to it.  In re Merrill Lynch & Co., Inc., 273 F.Supp.2d 351, 356-357 (S.D.N.Y. 2003), aff'd 396 F.3d 161 (2d Cir. 2005), cert denied 546 U.S. 935 (2005).  It therefore cannot be considered here.

that DTE Energy abused the privilege of doing business in the corporate form, East Hampton Union Free School Dist. v. Sandpebble Builders, Inc., 16 N.Y.3d at 776, and the Complaint therefore does not state a claim for relief that is plausible on its face. Ashcroft, 556 U.S. at 678

## IV. CONCLUSION

Plaintiff's Motion to Remand is denied because the notice of removal adequately alleged complete diversity between the parties, and Defendants submitted further evidence of same.  Defendants' Motion to Dismiss the Complaint against Defendants Shenango and DTE Coke pursuant to Rule 12 (b)(2) due to the lack of personal jurisdiction is granted, and the Complaint is dismissed without prejudice against those Defendants. That part of the same motion seeking dismissal of the Complaint against Defendant DTE Energy is also granted.  Notably, Plaintiff has not requested leave to file an amended complaint.  See generally Fed. R. Civ. P. 15 (a) (2) (leave to amend a pleading shall be freely given when justice so requires).   In any event, this Court concludes that granting such leave with respect to the second and third causes of action would be futile, as Plaintiff has clearly asserted that the misrepresentation was that the Agreement would continue until 2008. Those causes of action are dismissed with prejudice as against DTE Energy.  The same cannot be said with respect to the inadequately pleaded breach of contract claim. Therefore, although this Court will not grant leave to amend the Complaint sua sponte, the first cause of action is dismissed against Defendant DTE Energy without prejudice in the event Plaintiff commences an action in a venue where all Defendants are amendable to personal jurisdiction. Finally, because all claims have been dismissed, this Court need not

consider that part of Defendants' motion seeking in the alternative to transfer this matter to the Western District of Pennsylvania.

## V. ORDERS

IT HEREBY IS ORDERED that Plaintiff's Motion to Remand (Docket No. 9) is DENIED;

FURTHER, that Defendants' Cross-Motion to Dismiss (Docket No. 14) is GRANTED;

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.


Dated:   June 20, 2012
      Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Judge
